UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| REACH AIR MEDICAL SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> KAISER FOUNDATION HEALTH PLAN, INC., et al., <br><br> Defendants. | Case No.: <br> 3:22-cv-01153-TJC-JBT |

### *AMICUS CURIAE* AMERICA'S HEALTH INSURANCE PLANS'S MOTION FOR LEAVE TO SUBMIT *AMICUS CURIAE* BRIEF IN SUPPORT OF DEFENDANT KAISER FOUNDATION HEALTH PLAN, INC.'S MOTION TO DISMISS

Under Local Rule 3.01, America's Health Insurance Plans, Inc. (AHIP) moves for leave to file a brief as *amicus curiae* in support of Defendant Kaiser Foundation Health Plan, Inc.'s Motion to Dismiss. The proposed *amicus* brief is attached as an Exhibit to this motion. Counsel for AHIP has conferred with counsel for all parties. Defendants consent to the motion. Plaintiff opposes the motion. In support of its motion, AHIP states:

1. America's Health Insurance Plans, Inc. (AHIP) is the national trade association representing the health insurance community. AHIP advocates for public policies that expand access to affordable health care coverage to all Americans through a competitive marketplace that fosters choice, quality, and

innovation. AHIP's members have extensive experience working with nearly all health care stakeholders to ensure that patients have affordable access to needed medical services and treatments. That experience gives AHIP broad first-hand knowledge and a deep understanding of how the nation's health care and health insurance systems work.

2. AHIP has frequently been granted leave to file *amicus* briefs in cases of importance to the health insurance community, including in cases about the interpretation and implementation of the No Surprises Act. *See, e.g.*, *Tex. Med. Ass'n v. U.S. Dep't of Health & Human Servs.*, 587 F. Supp. 3d 528 (E.D. Tex. 2022); *Am. Med. Ass'n v. U.S. Dep't of Health & Human Servs.*, No. 1:21-cv-3231 (D.D.C.); *Ass'n of Air Med. Servs. v. U.S. Dep't of Health & Human Servs.*, No. 1:21-cv-3031 (D.D.C.).

3. AHIP's members strive to reach agreements with health care providers to offer consumers affordable networks that provide choices in the delivery of quality medical care. When unable to secure network agreements before treatment is rendered, health insurance providers seek to negotiate reasonable out-of-network payments to prevent surprise medical bills and reduce costs for patients. But before the No Surprises Act, some providers—particularly air ambulance providers—often leveraged their refusal to participate in networks to send patients excessive surprise bills and extract payments well above typical market rates.

4. Congress, after significant debate, ultimately arrived at a bipartisan solution in the No Surprises Act to protect consumers from out-of-network payment disputes and surprise bills. The Act does this by encouraging health plans and providers to resolve out-of-network payments through negotiation and establishing Independent Dispute Resolution (IDR) as a streamlined baseball-style arbitration process. Congress intended IDR to promptly and conclusively resolve payment disputes in what should be rare instances where the parties do not agree on fair payment rates.

5. AHIP agrees with Defendants' legal arguments, but its proposed *amicus* brief does not repeat them. Rather, AHIP writes separately to explain how accepting a limitless conception of judicial review under the Act would undercut the efficiency and finality that the Act's procedures are designed to achieve and ultimately harm consumers by driving up administrative and health care costs that Congress intended to constrain.

## Memorandum of law

The Federal Rules of Civil Procedure do not specifically provide for the filing of *amicus curiae* briefs at the district court level. Nevertheless, the Eleventh Circuit has stated that district courts have inherent authority to appoint "friends of the court" to assist them in cases. *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006). Courts "typically grant *amicus* status where the parties 'contribute to the court's understanding of the

matter in question' by proffering timely and useful information." *Ga. Aquarium, Inc. v. Pritzker*, 135 F. Supp. 3d 1280, 1288 (N.D. Ga. 2015) (quoting *Conservancy of Sw. Fla. v. U.S. Fish & Wildlife Serv.*, No. 2:10-cv-106, 2010 U.S. Dist. LEXIS 94003, *3 (M.D. Fla. Sept. 9, 2010)). "Generally, courts have exercised great liberality in permitting an *amicus curiae* to file a brief in a pending case." *United States v. Davis*, 180 F. Supp. 2d 797, 800 (E.D. La. 2001).

The Court exercises "broad discretion" whether to grant leave to file an *amicus* brief, but courts in this district sometimes consider four factors: (1) whether "the petitioner has a 'special interest' in the particular case"; (2) whether "the petitioner's interest is not represented competently or at all"; (3) whether "the proffered information is timely and useful"; and (4) whether "the petitioner is not partial to a particular outcome in the case." *Conservancy of Sw. Fla.*, 2010 U.S. Dist. LEXIS 94003, at *4 (quoting *Liberty Resources, Inc. v. Philadelphia Housing Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005)). These factors are met here.

AHIP has a special interest in this case because its membership, and its members' enrollees—Americans who purchase health insurance—will be affected by the way the No Surprises Act is interpreted. *See, e.g.*, *City of S. Miami v. Desantis*, No. 19-cv-22927, 2020 U.S. Dist. LEXIS 175462, *3 (S.D. Fla. Sept. 24, 2020) (finding proposed *amici* had a "special interest" where their "members, clients, and constituencies are affected by the implementation of"

4

the law at issue). In particular, as explained in AHIP's proposed *amicus* brief, the scope of judicial review of IDR decisions under the Act will directly affect the administrative costs faced by AHIP's membership and the employers and consumers to whom AHIP's members provide health coverage.

Although AHIP has a special interest in the implementation of the No Surprises Act, it is not "partial to a particular outcome in this case." *Conservancy of Sw. Fla.*, 2010 U.S. Dist. LEXIS 94003, at *4. Consistent with its role as the national trade association representing the health insurance community, AHIP's Board of Directors is comprised of executives from companies that provide health and supplemental benefits coverage, including from Kaiser Permanente. As a nonprofit corporation whose members have no ownership interests, however, AHIP has no pecuniary or other interest in the resolution of the specific payment dispute and IDR decision under review. The amount of the payment for one patient's air ambulance transport is a discrete issue in which AHIP has no stake. It is thus not partial to any specific outcome here. Even when an *amicus* has "a side to which it was partial"—which is common—"there is no rule … that *amici* must be totally disinterested." *Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (omission in original); *see, e.g.*, *Craig Air Ctr., Inc. v. City of Jacksonville*, No. 3:10-cv-48-J-32, 2012 U.S. Dist. LEXIS 107335, *2 n.1 (M.D. Fla. Aug. 1, 2012) (Corrigan, J.) (considering *amicus* brief by

5

homeowners in support of city's motion for summary judgment defending limitation on local airport's runway length).

Because AHIP's proposed *amicus* brief presents "ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs," its participation is *amicus* is appropriate even though "it cannot be said that [the parties are] inadequately represented by counsel." *Chavez v. Credit Nation Auto Sales, Inc.*, No. 1:13-CV-00312, 2014 U.S. Dist. LEXIS 199641, *7-*8 (N.D. Ga. June 5, 2014). Courts frequently grant leave to file *amicus* briefs "when the *amicus* has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide." *Dibbs v. Hillsborough County*, No. 8:12-cv-2851, 2014 U.S. Dist. LEXIS 206038, *2 (M.D. Fla. Dec. 4, 2014). AHIP's proposed *amicus* brief provides that unique perspective and offers timely and useful information.

The Court has not yet held a hearing on Defendant's Motion to Dismiss; the hearing is scheduled for May 16, 2023. Per Local Rule 3.01(c), Plaintiff's response to this motion for leave is due by May 12, so Plaintiff will have an opportunity to respond and the motion will be fully briefed before the hearing.

As an organization with extensive experience in the nation's health care and health insurance systems, AHIP can provide a unique perspective on the broader implications of the parties' competing interpretations of the No Surprises Act, as well as useful background regarding the market dynamics

6

for air ambulance and other medical services before and after the Act. This sort of broader perspective and useful background is a common basis for *amicus* participation. *See, e.g., Adams v. Sch. Bd. of St. Johns Cty.*, 318 F. Supp. 3d 1293, 1298 n.14 (M.D. Fla. 2018) (Corrigan, J.), *rev'd on other grounds*, 57 F.4th 791 (11th Cir. 2022) (granting leave to file *amicus* brief "for helpful explanations of biological and medical terminology" and "the position of these medical associations as to the appropriate standard of care"); *Fishing Rights Alliance v. Pritzker*, No. 8:15-cv-1254, 2016 U.S. Dist. LEXIS 203232, *7 (M.D. Fla. June 8, 2016) (granting environmental organization leave "to file an *amicus* brief to address its perspectives on [the issue] from a conservation standpoint"). In addition, AHIP"s proposed brief provides unique data about the implementation of the IDR system that would be useful to the Court's consideration of the issues. Courts have "found the participation of an *amicus* especially proper" where "an issue of general public interest is at stake." *Liberty Res., Inc.*, 395 F. Supp. 2d at 209. AHIP's proposed *amicus* brief explains why this is just such a case, and how its resolution will affect not just one specific payment dispute, but also shape the system for resolving out-of-network payments more generally, with implications for the health care system writ large.

## Conclusion

For the foregoing reasons, AHIP respectfully requests that this motion be granted and that it be permitted to file the proposed *amicus* brief.

## Local Rule 3.01(g) certification

Per Local Rule 3.01(g), counsel certify they have conferred with counsel for all parties herein in a good faith effort to resolve the issues raised in this motion. On April 26, 2023, Hyland Hunt emailed counsel for all the parties. Counsel for Defendants indicated by return emails that Defendants did not oppose the motion. Counsel for Plaintiff indicated by return email that they would oppose this motion.

Respectfully submitted,

/s/ Thomas Burns

| | |
|---|---|
| Hyland Hunt (*pro hac vice* pending) | Thomas A. Burns (FBN 12535) |
| DEUTSCH HUNT PLLC | BURNS, P.A. |
| 300 New Jersey Ave. NW, Ste. 900 | 301 W. Platt St., Ste. 137 |
| Washington, DC 20001 | Tampa, FL 33606 |
| (202) 868-6915 | (813) 642-6350 |
| hhunt@deutschhunt.com | tburns@burnslawpa.com |

*Counsel for amicus curiae America's Health Insurance Plans*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 28, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Thomas Burns
Thomas A. Burns